IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DINA M. BENOIT | § | PLAINTIFF |
| | § | |
| v. | § | Civil Action NO. 1:08cv391-LG-RHW |
| | § | |
| MICHAEL BATES and | § | |
| UNITED PARCEL SERVICE | § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**BEFORE THE COURT** are the Motion for Summary Judgment [77] and the Motion to Strike Affidavits [89] that were filed by United Parcel Service and Michael Bates. Dina Benoit has filed a response in opposition to the Motions, and the defendants have filed replies. Upon reviewing the submissions of the parties and the applicable law, the Court finds that the defendants are entitled to judgment as a matter of law. The Court further finds that the Motion to Strike is moot.

FACTS

Benoit, an African-American female, began working for UPS in 1993. (Ex. A to Defs.' Mot. at 21). She was eventually promoted to her current position of full-time package car driver. (*Id.* at 23). UPS drivers are permitted to bid on delivery routes based on seniority. In January of 2007, Benoit bid on and was awarded the Gulfport Facility's 03B route, which is located in Bay St. Louis, Mississippi. (*Id.* at 43-44). She selected the route because she grew up in Bay St. Louis and is familiar with the area. (*Id.* at 46). The former driver of the route is a Caucasian male. (*Id.*).

Benoit claims that changes were made to the route after it was awarded to her

that made the route more difficult. (Ex. R to Pl.'s Resp. at 1-2). She made several complaints about the route, and she also filed several complaints about being forced to work days that exceeded 9.5 hours in length. (*Id.*; Ex. K to Pl.'s Resp.) At one point, the problems with her route were fixed, but she claims that the changes were only temporary and problems continued after she once again bid on and was awarded the route in April of 2007. (Ex. A to Defs.' Mot. at 55-57).

Benoit also claims that her packages were not loaded properly, and she has provided pictures to the Court of her heavily-loaded vehicle, with packages loaded in what appears to be a haphazard manner. (Ex. G to Pl.'s Resp.) In addition, she alleges that she was repeatedly assigned vehicles that had mechanical problems, and on one occasion the drive shaft fell out of her vehicle while she was driving. (Ex. A to Defs.' Mot. at 114; Ex. R to Pl.'s Resp. at 3; Ex. L to Pl.'s Resp.). She has submitted copies of numerous complaints that were made about the quality and safety of the vehicles assigned to her. (Ex. K to Pl.'s Resp.) She claimed that when one vehicle broke down, she would be provided with another faulty vehicle that would also break down. (*See id.*) She claims that Michael Bates, the Gulfport Center Director, has not properly responded to her complaints, and she has submitted affidavits from several other current UPS employees who believe that Bates does not like African-Americans and that he treats Benoit unfairly by assigning her additional work and faulty vehicles. (Ex. T-X to Pl.'s Resp.)

On two occasions, Benoit complained that she found a bottle of urine in the vehicle provided to her. (Ex. M to Pl.'s Resp.) On another occasion, she found a wire

-2-

attached to one of her tires. (Ex. R to Pl.'s Resp. at 3). It is unclear from the record whether the urine was left in the vehicle for the purpose of upsetting Benoit or whether the bottles were utilized by male employees in an effort to avoid bathroom breaks on their routes. It is also unclear whether the wire was placed on the vehicle as a threat or whether it was merely a mechanical problem with the vehicle.

Benoit further alleges that she was subjected to an unreasonable number of "OJS rides," in which a supervisor would accompany her on her route. (Ex. A to Defs.' Mot. at 39-40). She considers the OJS rides to be harassment as well as attempts to catch her doing something wrong. (*Id.*) In her complaint, she alleges that she was subjected to "constant verbal harassment," but the Court has not located any evidence of verbal harassment in the record. (2d Am. Compl. at 3).

Finally, she alleges that she was charged with an accident on December 18, 2009, after she damaged a client's grass, but Caucasian male UPS drivers were not charged with an accident when they damaged their vehicles. However, these allegations are the subject of a separate, more recent EEOC charge that is not the subject of this lawsuit. (Ex. N to Defs.' Reply).

Benoit claims that all of the problems she has experienced constitute race and gender discrimination. She has sued UPS for race and gender discrimination, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligent supervision, training, and retention of Bates. She has also sued Bates for intentional and negligent infliction of emotional distress. She has not pled or argued a claim for hostile work environment.

**DISCUSSION**

Any party to a civil action may move for summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law. Fed. R. Civ. P. 56. A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Celotex Corp.*, 477 U.S. at 324-25. The non-moving party may not rest upon mere allegations or denials in its pleadings but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).

**A. Race and Gender Discrimination**

In order to set forth a prima facie case of employment discrimination, a plaintiff must demonstrate (1) that she belongs to a protected class; (2) that she was qualified for the position; (3) that she suffered an adverse employment decision; and (4) that she was replaced by someone outside the protected class, or in the case of disparate treatment, that similarly situated persons outside her protected class were treated more favorably under circumstances that were "nearly identical" to hers. *Alvarado v. Tex. Rangers*, 492 F.3d 605, 611 (5th Cir. 2007); *see also, Okoye v. Univ. of Tex. Houston*

*Health Sci. Ctr.*, 245 F.3d 507, 513 (5th Cir. 2001).  If the plaintiff presents a prima facie case, the burden shifts to the defendant to demonstrate a "legitimate, nondiscriminatory justification for its actions."  *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 881 (5th Cir. 2003).  If the defendant offers such a justification, the burden again shifts to the plaintiff to show that the defendant's alleged justification was a pretext for discrimination.  *Manning*, 332 F.3d at 881.

It is undisputed that Benoit has met the first two elements of a prima facie case, because she belongs to a protected class, and she is qualified for her position. Therefore, this Court must determine whether she suffered an adverse employment decision.  Adverse employment decisions "include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating."[1]  *McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007).  Demotions are also considered adverse employment decisions.  *Banks v. East Baton Rouge Parish Sch. Bd.*, 320 F.3d 570, 575 (5th Cir. 2003).  The assignment of more difficult tasks does not constitute an adverse employment action.  *See Hart v. Life Care Ctr. of Plano*, 243 Fed. Appx. 816, 818 (5th Cir. 2007).  Likewise, changes in an employee's work schedule and the assignment of new job tasks do not constitute ultimate employment decisions, where the employee's pay, benefits, and level of responsibility were not affected.  *Watts v. Kroger Co.*, 170 F.3d 505, 511-12 (5th Cir. 1999).

---

[1] Although the definition of "adverse employment decision" has been broadened in the retaliation context, an ultimate employment decision is still required for discrimination claims.  *McCoy*, 492 F.3d at 560.

Although Benoit has provided the Court with evidence that her working environment was very stressful and burdensome, the only allegation cited by Benoit that could possibly be considered an "adverse employment decision" is the unsafe condition created by the mechanical problems with her vehicles. Thus, out of an abundance of caution, the Court will consider whether similarly situated persons outside her protected class were provided with safer vehicles. In her deposition, Benoit testified that other drivers experience vehicle breakdowns, but not as often as she does. (Ex. A to Def.'s Mot. at 114). She testified that she thinks the breakdowns are the result of her race and gender, because other drivers do not experience breakdowns as often as she does. (*Id.*) When she was asked for the basis of this statement, she responded that she knows this from talking to other drivers. (*Id.*) Of course, inadmissible hearsay cannot be utilized to create a genuine issue of material fact. Benoit has also provided an affidavit from a fellow employee that includes the vague accusation that Benoit has had numerous vehicle breakdowns. (Ex. U to Pl.'s Resp.)

The Court has not been provided with any admissible evidence that similarly situated persons outside Benoit's protected class were treated more favorably under circumstances that were "nearly identical" to hers. As previously explained, the non-moving party may not rest upon mere allegations or denials in its pleadings when responding to a motion for summary judgment but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson*, 477 U.S. at 256-57. As a result, Benoit has not alleged a prima facie case of discrimination, and the Court must grant UPS summary judgment as to that claim. Furthermore, the Court finds that UPS'

motion to strike affidavits provided by Benoit is moot, because the affidavits do not create a genuine issue of material fact.

## B.  Negligent Supervision, Training, and Retention

UPS argues that it is entitled to summary judgment as to Benoit's negligent supervision, training, and retention claims, because it is undisputed that Bates was acting within the course and scope of his employment.  Benoit has not disputed this argument.  The Court agrees that UPS is entitled to summary judgment concerning these claims, since Bates was acting within the course and scope of his employment. *See Curd v. Western Express, Inc.*, No. 1:09cv610-LG-RHW, slip op. at 3-4 (S.D. Miss. Nov. 2, 2010) (holding that plaintiffs' negligent entrustment, hiring, and training claims should be dismissed where employer admitted vicarious liability); *see also* Restatement (Second) of Torts §317 cmt. a (1965) (providing that negligent supervision claims apply to situations in which an employee is acting outside the scope of employment, because employers are vicariously liable for the conduct of an employee acting within the course and scope of employment).

## C.  Negligent Infliction of Emotional Distress

UPS argues that Benoit's negligent infliction of emotional distress claim is barred by the exclusivity provision of the Mississippi Workers' Compensation Act, Miss. Code Ann. §71-3-9.  Benoit also does not dispute this argument.  As this Court has previously held, a claim for negligent infliction of emotional distress does not arise from acts of intentional discrimination, and any state tort claim grounded in negligence is barred by the Workers' Compensation Act.  *Mengucci v. Brown Bottling Grp., Inc.*,

No. 3:09cv577-TSL-FKB, 2010 WL 996741 at *1 (S.D. Miss. Mar. 16, 2010); *Fortenberry v. Gulf Coast Cmty. Action Agency, Inc.*, No. 1:06cv535-LG-JMR, 2007 WL 4292996 at *3 (S.D. Miss. Dec. 5, 2007). Therefore, Benoit's claim for negligent infliction of emotional distress is barred and must be dismissed.

**D.  Intentional Infliction of Emotional Distress**

"To establish a claim for intentional infliction of emotional distress, the plaintiff must show that the defendant through 'extreme and outrageous conduct intentionally or recklessly caused severe emotional distress to another . . . .'" *Waters v. Allegue*, 980 So. 2d 314, 318-19 (¶ 14) (Miss. Ct. App. 2008) (quoting *Peoples Bank & Trust Co. v. Cermack*, 658 So. 2d 1352, 1365 (Miss. 1995)). If the defendant's conduct evokes outrage or revulsion, a plaintiff can recover for intentional infliction of emotional distress even in the absence of physical injury. *Jones v. Fluor Daniel Servs. Corp.*, 959 So. 2d 1044, 1048 (¶¶ 16-17) (Miss. 2007). Benoit has not alleged any extreme or outrageous conduct on the part of the defendants. Therefore, the Court finds that the defendants are entitled to summary judgment regarding her intentional infliction of emotional distress claim.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Summary Judgment [77] filed by United Parcel Service and Michael Bates is **GRANTED**. This lawsuit is hereby **DISMISSED WITH PREJUDICE**.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion to Strike Affidavits [89] is **MOOT**.

**SO ORDERED AND ADJUDGED** this the 8th day of November, 2010.

                                                 s/ *Louis Guirola, Jr.*
                                                 LOUIS GUIROLA, JR.
                                                 UNITED STATES DISTRICT JUDGE